**UNITED STATES DISTRICT COURT**
**NORTHERN  DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DANNY BROWN,** | : | **Case No. 10-CV-752** |
| | : | |
| **Plaintiff,** | : | **Judge Solomon Oliver** |
| | : | |
| **v.** | : | **Answer of the United States** |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **Defendants.** | : | |

The United States of America, defendant, by its undersigned counsel, and in answer to the

Complaint filed herein states:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The injuries and damages alleged in the Complaint were proximately caused by the

intervening or superseding acts of one other than an employee or agent of United States and were

not caused by an act or omission of any employee or agent of the United States while acting

within the scope of office or employment.

### THIRD DEFENSE

This Court lacks subject matter jurisdiction over the Federal Tort Claims Act claim, in

whole or in part.

### FOURTH DEFENSE

The arrest and imprisonment of which plaintiff complains was made pursuant to valid

legal process secured by federal employees acting in good faith with probable cause.

## FIFTH DEFENSE

The alleged accident and injuries claimed were caused by third parties for whose acts or omissions the United States cannot be held liable.

## SIXTH DEFENSE

To the extent that the alleged injuries were caused in part by third parties, any recovery to which Plaintiffs otherwise would be entitled must be reduced to the extent of the comparative fault of such third parties.

## SEVENTH DEFENSE

To the extent that plaintiffs are entitled to recover damages from the United States in this action, the United States is entitled to a credit or set-off for any past or future benefits paid to or on behalf of or received by Plaintiffs, to the extent allowed under federal and state common and statutory law.

## EIGHTH DEFENSE

To the extent the common or statutory law of Ohio, where the alleged acts or omissions occurred, limits damages or limits the defendants' liability or plaintiffs' cause of action, that law applies to this action against the United States to the extent that it is not inconsistent with the Federal Tort Claims Act.

## NINTH DEFENSE

Plaintiffs' recovery, if any, must be reduced to the extent of any failure to mitigate any alleged damages.

## TENTH DEFENSE

Plaintiffs' damages under the FTCA, if any, are limited to the amount stated in their

administrative claim. 28 U.S.C. § 2675(b).

## ELEVENTH DEFENSE

Plaintiffs cannot recover punitive damages against the United States. 28 U.S.C. § 2674.

## TWELFTH DEFENSE

Plaintiffs' demand for a jury trial as to the United States is barred. 28 U.S.C. § 2402.

## THIRTEENTH DEFENSE

Some or all of the claims asserted against the United States are barred by the applicable statute of limitations.

## FOURTEENTH DEFENSE

To the extent that Plaintiffs contend that the United States is liable because federal law enforcement employees failed to protect them from the actions of Jerrell Bray and/or negligently supervised him and/or federal employees, such claims fall within the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(a).

## FIFTEENTH DEFENSE

Answering specifically the numbered paragraphs of the Amended Complaint, utilizing the same paragraph numbering, the United States admits, denies and otherwise answers as follows:

1.    This paragraph contains statements and conclusions of law to which the United States is not required to answer, but insofar as an answer is deemed required, the United States denies the allegations.

2.    This paragraph contains statements and conclusions of law as to the jurisdiction of this Court to which the defendant is not required to answer, but insofar as an answer is deemed required, defendant denies the allegations.

4.      This paragraph contains statements of identification which this defendant cannot confirm or deny, and thus the statements are denied on that basis.

5.      This paragraph contains statements and conclusions of law to which the United States is not required to answer, but insofar as an answer is deemed required, the United States denies the allegations.

6.      The United States is without sufficient information to confirm or deny the allegations of this paragraph and therefore denies same.

7.      The United States is without sufficient information to confirm or deny the allegations of this paragraph and therefore denies same.

8.      The United States avers that Jerrell Bray has made multiple, contradictory statements regarding an alleged sale of drugs by him to plaintiff.  The United States is without sufficient information to confirm or deny the remaining allegations of this paragraph and therefore denies same.

9.      This paragraph contains statements and conclusions of law to which the United States is not required to answer, but insofar as an answer is deemed required, the United States denies the allegations.

10.     This paragraph contains statements and conclusions of law to which the United States is not required to answer, but insofar as an answer is deemed required, the United States denies the allegations.

11.     This paragraph contains statements and conclusions of law to which the United States is not required to answer, but insofar as an answer is deemed required, the United States denies the allegations.

4

12.     This paragraph contains statements and conclusions of law to which the United States is not required to answer, but insofar as an answer is deemed required, the United States denies the allegations.

13.     This paragraph contains statements and conclusions of law to which the United States is not required to answer, but insofar as an answer is deemed required, the United States denies the allegations.

14.     This paragraph contains statements and conclusions of law to which the United States is not required to answer, but insofar as an answer is deemed required, the United States denies the allegations.

15.     The United States is without sufficient information to confirm or deny the allegations of this paragraph and therefore denies same.

16.     This paragraph contains statements and conclusions of law to which the United States is not required to answer, but insofar as an answer is deemed required, the United States denies the allegations.

17.     This paragraph contains statements and conclusions of law to which the United States is not required to answer, but insofar as an answer is deemed required, the United States denies the allegations.

18.     This paragraph contains statements and conclusions of law to which the United States is not required to answer, but insofar as an answer is deemed required, the United States denies the allegations.

19.     The United States received plaintiff's administrative tort claim on or about December 12, 2007.

5

20.     The United States admits that it has not decided plaintiff's administrative tort claim to date.

21.     This paragraph contains statements and conclusions of law to which the United States is not required to answer, but insofar as an answer is deemed required, the United States denies the allegations.

22.     This paragraph contains statements and conclusions of law to which the United States is not required to answer, but insofar as an answer is deemed required, the United States denies the allegations.

23.     The United States is without sufficient information to confirm or deny the allegations of this paragraph and therefore denies same.

24.     This paragraph contains statements and conclusions of law to which the United States is not required to answer, but insofar as an answer is deemed required, the United States denies the allegations.

25.     This paragraph contains statements and conclusions of law to which the United States is not required to answer, but insofar as an answer is deemed required, the United States denies the allegations.

**WHEREFORE**, having fully answered, Defendant United States of America respectfully requests this Court issue an order dismissing the Complaint and awarding costs.

Respectfully submitted,

TONY WEST
Assistant Attorney General

PHYLLIS J. PYLES
Director, Torts Branch

GREGORY G. LOCKHART                    MARY M. LEACH
United States Attorney                 Assistant Director, Torts Branch


 s/ Jan M. Holtzman                     s/Lawrence Eiser
JAN M. HOLTZMAN (0017949)              LAWRENCE EISER
Assistant U.S. Attorney               Trial Attorney
221 E. Fourth Street, Suite 400       U.S. Department of Justice
Cincinnati, Ohio 45202                Civil Division, Torts Branch
(513) 684-3711                        1331 Pennsylvania Avenue, Room 8076N
Fax: (513) 684-6972                   Washington, DC 20004
Jan.Holtzman@usdoj.gov                (202) 616-4260
                                      Fax: (202- 616-5200


s/Gerald F. Kaminski                   s/John Woodcock
GERALD F. KAMINSKI (0012532)          JOHN WOODCOCK
Assistant United States Attorney      Trial Attorney
221 East Fourth Street, Suite 400     U.S. Department of Justice
Cincinnati, Ohio 45202                Civil Division, Torts Branch
(513) 684-3711                        1331 Pennsylvania Avenue, Room 8048N
Fax: (513) 684-6972                   Washington, DC 20004
Gerald.Kaminski @usdoj.gov            (202) 616-4233
                                      Fax: (202)- 616-5200


Counsel for the United States of America

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on July 1, 2010 and

was served electronically on all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.


s/Lawrence Eiser                                          
LAWRENCE EISER

8